## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIM. ACTION** |
| **VERSUS** | **NO. 94-197** |
| **LUIS SENSAT** | **SEC. "L"** |

## ORDER & REASONS

Before the Court is *pro se* Defendant Luis Sensat's Motion for Compassionate Release, R. Doc. 443. The Government opposes the motion. R. Doc. 448. Mr. Sensat filed a reply. R. Doc. 452. After considering the briefing and applicable law, the Court now rules as follows.

## I.  BACKGROUND

Movant Luis Sensat was charged in a four-count indictment with conspiracy to possess with an intent to distribute cocaine; conducting a continuing criminal enterprise; distribution of cocaine; and interstate travel with the intent to facilitate the distribution of cocaine. After a jury trial on September 18-27, 1995, Mr. Sensat was found guilty as charged on all counts. On December 13, 1995, this Court sentenced Mr. Sensat to life imprisonment. Mr. Sensat appealed his conviction to the Fifth Circuit Court of Appeals. On September 9, 1996, the Fifth Circuit's opinion affirming the conviction and sentence was filed. The Fifth Circuit's judgment was issued as mandate on October 1, 1996.

On September 30, 1997, Mr. Sensat filed a motion to vacate judgment and sentence. R. Doc. 215. He alleged that he was denied effective assistance of counsel; that the prosecution unconstitutionally withheld impeachment evidence favorable to him; and that the sentencing guidelines were improperly applied. Mr. Sensat also filed a *pro se* amendment to the Section 2255

motion. R. Doc. 237. The Court denied the motions on August 10, 1998. R. Doc. 239. Mr. Sensat sought to appeal, but the Court denied his motion for a certificate of appealability. R. Doc. 250. Likewise, the Fifth Circuit denied the same motion. R. Doc. 251.

On May 16, 2013, the Court appointed a member of the Criminal Justice Act Panel to represent Mr. Sensat. R. Doc. 326. On May 13, 2016, Mr. Sensat filed a *pro se* motion to reduce his sentence in accordance with Amendment 782 to the United States Sentencing Guidelines. R. Doc. 372. On May 12, 2017, the Court denied Mr. Sensat's motion for a reduction in sentence. The Sentencing Review Panel determined that Mr. Sensat's offense level did not change under Amendment 782, and therefore Mr. Sensat was ineligible for a reduction. R. Doc. 386. On June 5, 2017, Mr. Sensat filed a motion for reconsideration of that Court's order, a motion to appeal in forma pauperis, and a motion to strike the court's notice of a filing fee. The Court denied all three motions on August 22, 2017. R. Doc. 399.

Presently, Mr. Sensat moves the court, *pro se*, for compassionate release and/or a reduction in his sentence. R. Doc. 443.

## II.   PRESENT MOTION

In his motion, Mr. Sensat argues that he should be released from his prison sentence for extraordinary and compelling reasons, which include his age, health issues, the surge in respiratory viruses, and that he has been rehabilitated pursuant to the First Step Act and 18 U.S.C. § 3553(a) factors. *Id.* He argues that he is eligible for compassionate release because he is 67 years old, has served at least ten years of his prison sentence, and is experiencing a serious deterioration in his health because of the aging process. Specifically, he claims he suffers from hypertension, high cholesterol and a progressively enlarged prostate, which causes pain and incontinence. He further argues that the resurgence of COVID-19 and emergence of Respiratory Syncytial Virus (RSV) are

support termination of his sentence because he previously contracted COVID-19 and fears reinfection. He also argues that he has been rehabilitated during his time in custody by taking advantage of educational opportunities and only committed one disciplinary infraction (which occurred during his first year of incarceration).

Lastly, he argues that his term of life imprisonment is an "unusually long sentence," which would also qualify as an extraordinary and compelling reason under the 2023 Amendment to the United States Sentencing Guidelines § 1B1.13 to release him from his prison sentence.

In opposition, the Government concedes that Mr. Sensat is 67 years old and has served over 10 years of his prison sentence. R. Doc. 448. However, it argues that his health conditions, the presence of COVID-19 and RSV, and his rehabilitation are not extraordinary or compelling reasons to warrant a termination of his sentence. The Government further argues that the 2023 Amendment to U.S.S.G. § 1B1.13 to include an "unusually long sentence" as a compelling and extraordinary reason is invalid because it exceeds the Sentencing Commission's authority. Nonetheless, it argues that even if the provision were valid, Mr. Sensat would still not be able to establish that his sentence was unusually long or grossly disparate to a sentence he might receive today. Accordingly, the Government argues that Mr. Sensat has not demonstrated any factors that would support a reduction or termination of his sentence.

## III.    APPLICABLE LAW

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights . . . if it finds that extraordinary and compelling reasons warrant such a reduction." The United States Sentencing Commission's policy statements provide four types of "extraordinary and compelling reasons" that may justify a sentence reduction: (1) medical conditions, (2) age, (3) family

circumstances, and (4) other reasons. *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (quoting U.S.S.G. § 1B1.13 cmt. n.1(A)–(D) (2018)). This policy statement does not bind courts, but serves to inform its analysis for determining sufficient circumstances to merit compassionate release." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *Thompson*, 984 F.3d at 433. As stated, prior to filing a motion in court, 18 U.S.C. § 3582(c)(1)(A) requires that prisoners exhaust all administrative remedies for seeking compassionate release. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020).

A district court may deny relief based on the applicable 18 U.S.C. § 3553(a) factors without reaching whether a defendant has extraordinary and compelling reasons for release. *United States v. Samak*, No. CR 91-189, 2020 WL 4050365, at *5 (E.D. La. July 20, 2020) (avoiding the question of whether defendant established extraordinary and compelling circumstances because, even if he had, defendant was not entitled to compassionate release given nature of his offenses and the impact his crimes left on victims), aff'd, 832 F. App'x 330 (5th Cir. 2020). A district court may deny relief if, despite the existence of extraordinary and compelling reasons, the sentencing factors set forth in 18 U.S.C. § 3553(a) outweigh the extraordinary and compelling reasons. *See* 18 U.S.C. § 3582(c)(1)(A). These factors are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;

(4) the kinds of sentence and sentencing range [provided for in the U.S.S.G.]. . . .

(5) any pertinent [Sentencing Commission] policy statement...the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(6) the need to provide restitution to any victims of the offense.

*Id*. § 3553(a).

## IV.   DISCUSSION

As a preliminary matter, the Court acknowledges that Mr. Sensat has exhausted his administrative remedies before filing this motion. R. Doc. 443 at 1-3; R. Doc. 443-2 at 1-3. Documentation submitted by Mr. Sensat shows that he emailed the warden of his correctional facility, Warden Heather Ray of FCI Hazelton, his motion for compassionate release on November 13, 2023. R. Doc. 443 at 1-3. Mr. Sensat filed the instant motion on January 8, 2024. R. Doc. 443. In that motion, he argues that he never received a response from Warden Ray. R. Doc. 443 at 1-3. Because over thirty days lapsed since Mr. Sensat emailed Warden Ray before he filed his motion, the Court finds that Mr. Sensat has met his burden of demonstrating that he exhausted his administrative remedies. *Franco*, 973 F.3d at 468; 18 U.S.C. § 3582(c)(1)(A).

Next, the Court need not address whether Mr. Sensat has extraordinary and compelling reasons for relief because the § 3553(a) sentencing factors weigh against compassionate release. *Samak*, No. 91-189, 2020 WL 4050365, at *5; *United States v. Allen*, No. 12-138, 2024 WL 640017 at *3 (declining to reach arguments on extraordinary and compelling reasons for compassionate release because §3553(a) factors weighed against compassionate release); 18 U.S.C. § 3582(c)(1)(a). The record developed at trial and the findings in Mr. Sensat's presentence investigation report reveal that Mr. Sensat's offense and history are significant. Mr. Sensat's conspiracy was responsible for the distribution of thousands of kilograms of cocaine into and

around the United States. R. Doc. 173. This conspiracy lasted at least ten years. R. Doc. 188 at 9.

At trial, he was convicted by jury of leading a drug distribution organization whose members

participated in such activity at Mr. Sensat's direction. Some of the illicit activities of Mr. Sensat's

drug organization included using a private aircraft and concealed compartments on boats and

automobiles to transport large quantities of cocaine and marijuana. R. Doc. 188 at 9-11. When

sentencing Mr. Sensat, this Court upheld the firearm-related sentencing enhancement because he

was seen leaving a known money laundering outlet while in possession of a firearm and his co-

conspirators were seen multiple times carrying firearms. R. Doc. 173. Of note, this offense was

also committed while Mr. Sensat was already under a criminal justice sentence. *Id.* Thus, the Court

finds that the nature and circumstances of the offense and Mr. Sensat's history and characteristics

weighs heavily against compassionate release.

In light of Mr. Sensat's involvement and leadership in the drug network, the quantity of

cocaine involved, and the sheer number of lives he negatively affected, the Court finds that the life

sentence that Mr. Sensat is serving is necessary to reflect the seriousness of the offense, promote

respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal

conduct, and protect the public from further crimes of the defendant. Lastly, based on Mr. Sensat's

history and involvement with firearms, the Court refrains from concluding that he is not a danger

to the community or the safety of others. U.S.S.G. § 1B1.13(a)(2); 18 U.S.C. § 3142(g).

## V.    CONCLUSION

Accordingly, **IT IS ORDERED** that Mr. Sensat's Motion for Compassionate Release, R.

Doc. 443, is **DENIED**.

New Orleans, Louisiana, this 16th day of May, 2024.

UNITED STATES DISTRICT JUDGE